(100 App. Div. 338)

COHEN et al. v. WITTEMANN et al.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. LANDLORD AND TENANT—WASTE—RECOVERY—AMOUNT.

Where, in an action against a tenant to recover for the removal of certain shutters from the building, etc., plaintiff's bill of particulars claimed the sum of $877.26 only, an allowance of $1,015.92 therefor was error.

2. SAME—CONSENT OF LANDLORD.

A landlord, having consented to his former tenant's removal of certain shutters from the building and storing them on the premises, was not entitled to damages for such removal.

3. SAME—LEASE—SURRENDER—COVENANTS—BREACH.

Where a referee found that a former lease had been canceled and surrendered by the execution of a subsequent lease, the landlord was not entitled to recover for a breach of covenant under the lease surrendered.

4. SAME—FINDINGS.

Where a referee found, as a conclusion of law, that plaintiffs had failed to establish a cause of action for breach of a covenant to repair contained in a certain lease which had been surrendered, a further finding that plaintiffs had established a cause of action "for breach of the covenant to keep in repair, contained in the several leases," and allow-

ing damages for the removal of certain shutters from the building, which occurred during the continuance of the surrendered lease, was error.

5. SAME—WASTE.

An allowance of damages to a landlord against his tenant for the removal of posts and girders, and for the cutting of holes, walls, and copings of the building, as set forth in certain paragraphs of the bill of particulars, which did not in fact refer thereto, was error.

6. SAME—FIXTURES.

Trade fixtures, as between landlord and tenant, in general, are personal property, which the tenant may remove before the expiration of the lease, if it can be done without destroying or materially injuring the premises.

Appeal from Special Term, New York County.

Action by Solomon L. Cohen and another, as trustees, etc., against Jacob F. Wittemann and another. From a judgment entered on a referee's report in favor of plaintiffs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John A. Straley, for appellants.

Edward Goldschmidt, for respondents.

McLAUGHLIN, J. This action was brought to recover damages upon two alleged causes of action—one for the breach of a covenant to put and keep in repair certain leased premises, and the other for waste committed by the tenant. After an answer had been interposed, the issues raised thereby were sent to a referee to hear and determine, who reported that the plaintiffs were entitled to recover upon the first cause of action $1,231.71, and upon the second $1,149; the latter being three times the actual damage sustained; same having been trebled under section 1655 of the Code of Civil Procedure. The defendants appeal from the judgment entered on this report. The judgment appealed from must be reversed.

The findings of fact and conclusions of law are so inconsistent and irreconcilable that a new trial must be had. It is only necessary to briefly refer to the referee's report to determine this fact. The plaintiffs or their predecessors in interest on the 9th of April, 1889, leased to the defendants for a term of five years from May 1st of that year certain premises in the city of New York. The lease contained a covenant to the effect that the lessees would put and keep the buildings upon the premises in repair during the term of the lease, and at its expiration would quit and surrender the premises in as good state and condition as reasonable use and wear would permit, damage by the elements excepted. The business to be carried on by the defendants necessitated the use of heavy printing presses, and on going into possession it was determined by them that the building was not strong enough to maintain the weight without extra supports. They accordingly put in iron and wooden posts on the different floors, and also iron girders to

¶ 6. See Fixtures, vol. 23, Cent. Dig. §§ 23, 25–29.

strengthen the building in the places where additional weight was to be placed. In 1890 an additional strip of land in the rear of one or more of the buildings was leased to the defendants for a term of four years. On the 4th of February, 1892, the parties entered into a written agreement by which the two leases above referred to were canceled, and a new lease given for a term of five years from the 1st of May following, at an increased rental, but otherwise upon the same terms and conditions as contained in the other leases. The defendants occupied the premises and paid the rent specified in the lease for its full term, and at the expiration of which it was renewed for one year, and at the expiration of that again renewed for another year, when the defendants quit and surrendered the same to the plaintiffs. Just prior to the defendants' surrendering possession, they removed the posts, girders, and supports heretofore referred to. At the time the defendants went into possession, there were upon the building certain iron shutters for the windows or doors, or both, some or all of which they removed, and this constituted the principal item of damage recovered under the first cause of action. The plaintiffs claimed, as appears from their bill of particulars served upon the defendants prior to the trial, that they were entitled to recover for the removal of these shutters, and the work and materials incident to their replacement, the sum of $877.26. The referee, however, not only awarded them the full amount claimed, but, in addition thereto, $138.66, or $1,015.92 instead of $877.26. He also found as a fact that some of the shutters—just how many does not appear—were, with the consent of the plaintiffs, removed and stored in a secure place on the premises. The plaintiffs, of course, could not recover more than they claimed, any more than they could recover damage for what they consented might be done. Having consented that the shutters might be removed and stored, that, in the absence of any agreement to the contrary, precluded them from thereafter claiming damage by reason of the removal.

The referee further found as a fact that the lease of April 9, 1889, was canceled, and, as a conclusion of law, that the cancellation, taken in connection with the execution of the lease of February 9, 1892, operated as a complete and valid surrender and cancellation of that lease, and of any and all obligations arising under it subsequent to the execution of the cancellation agreement. This, under all of the authorities to which our attention has been called, would seem to prohibit a recovery for the breach of a covenant under that lease. McGregor v. Board of Education, 107 N. Y. 511, 14 N. E. 420; Harris v. Hiscock, 91 N. Y. 340; Graves v. White, 87 N. Y. 463; Roe v. Conway, 74 N. Y. 201; Loughran v. Ross, 45 N. Y. 792, 6 Am. Rep. 173.

The rule seems to be thoroughly established—and, if it is not, it ought to be—that where a landlord, with full knowledge of all the facts as to the premises and the acts of his tenant thereon, consents to a cancellation of the lease, he is thereby prohibited from thereafter maintaining an action to recover damages for the breach of a covenant contained therein.

He also found as a conclusion of law that the plaintiffs had failed to establish a cause of action for a breach of the covenant to repair contained in the 1889 lease, and yet, notwithstanding this, he held that the plaintiffs had established a cause of action "for breach of the covenant to keep in repair contained in the several leases," and one of the items of damage is for the removal of the shutters, which occurred under the lease of 1889. Upon the findings, the plaintiffs were not entitled to recover for a breach of the covenant of the 1889 lease, and yet the award of damage is predicated upon this lease as well as the others. As already indicated, damages could not be awarded for the removal of the shutters, which the plaintiffs consented to, and yet such removal has been a basis for the award—to what extent it is impossible to determine from the record.

As to the second cause of action, the findings of fact and conclusions of law are equally inconsistent and irreconcilable. The referee found that in 1889 the defendants strengthened the building by putting in iron posts, girders, etc., on the different floors, and that, when such work was done, some of the shutters upon the buildings were, with the consent of the plaintiffs, removed and stored in a secure place on the premises. He then found, as a conclusion of law, that the statute of limitations was a bar to the maintenance of an action for waste under the lease of 1889, and that the plaintiffs, by not introducing evidence to prove the condition of the premises on May 1, 1889, as compared with that of May 1, 1892, except as to the "removal of the interior structure erected by the defendants in the year 1889, and the other matters under items 14, 15, 16, of Bill of Particulars, have failed to establish a cause of action for waste, except as to the same." Turning to the bill of particulars referred to, it will be found they read as follows:

"(14) Leader and pipe to sewer, 190 William street, $6.45. (15) Repairing and putting in order iron shutters, with hinges, catches, etc., and painting on all buildings where old shutters could be used, and new ones would not have to be provided, $846.25. (16) Rebuilding windows that were cut down to floor level, and all painting and patching up mason work on the interior of rear 190 and 196 William street, and building up with brick doorway in rear of 196 William street, $125."

And he held, as a conclusion of law, that:

"Defendants, by so removing the interior of the structure before giving up possession on May 1, 1899, without permission or the knowledge of plaintiffs, and by removing posts and girders and cutting holes and cutting walls and copings, injured and damaged plaintiffs in the sum of $383, as set forth in the plaintiffs' bill of particulars, at items 14, 15, and 16."

The award made on the first cause of action, as we have already seen, included the damage to the shutters as specified in item 15 of the bill of particulars, and it is difficult to see upon what theory this damage could be again used as the basis for a recovery under the second cause of action. The award made did include it, because the other two items only amount to $131.45, and the referee found the damage amounted to $383. Not only this, but, having found that some of the shutters on the building were removed and stored in 1889 with the consent of the plaintiffs, and that the cause

of action for waste was barred under the lease of 1889, he could not hold the defendants liable for such removal. When the plaintiffs consented to the removal of the shutters, they thereby estopped themselves from thereafter asserting that such removal was a permanent and material injury to the freehold.

Enough has been said to indicate that it is impossible to determine from the referee's report whether the plaintiffs sustained any damage for which defendants could be held liable. In reaching this conclusion, it becomes unnecessary to determine at this time, and we do not pass upon the question, whether the iron posts, girders, etc., which were put into the building by the defendants to strengthen it, were trade fixtures, which they had a right to remove. The general rule is that trade fixtures can be removed. They are articles of personal property placed upon or annexed to the realty by a tenant for the purpose of carrying on a trade or business during the term of the lease, and he has a right to remove them before the expiration of the lease, provided it can be done without destruction, and will not materially injure the premises. 13 Am. & Eng. Enc. of Law (2d Ed.) p. 642; Ombony v. Jones, 19 N. Y. 234; Talbot v. Whipple, 96 Mass. 177.

Other errors are alleged, but it is unnecessary to pass upon them, inasmuch as there must be a new trial, and they may not again be presented.

The judgment appealed from must be reversed, and a new trial ordered before another referee, with costs to the appellants to abide the event of the action. All concur.