In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to Lands for the Improvement of the North River Water Front.

JOHN E. CONRON et al., Appellant, *v.* JOHN GLASS, Respondent.

1. EMINENT DOMAIN — AWARD FOR ADDITIONS MADE TO PREMISES BY TENANT — BASIS OF VALUATION ON SETTLEMENT BETWEEN LANDLORD AND TENANT. Where commissioners in condemnation proceedings have awarded a certain sum for additions made to the premises by tenants which, in their opinion, constituted "fixtures which the latter could remove," the basis of valuation on a settlement between the landlord and tenants of their respective rights in the fund thus produced should be the same as that under which the sum to be divided was originally produced, and where the commissioners had adopted a measure of present market value, it is erroneous to substitute in place thereof a "value, if any, * * * based upon the value of the particular property after it had been detached from the building at the expiration of the demised term * * * with the value of the use of said property for the unexpired term."

2. SAME — RIGHT OF TENANT TO REMOVE TRADE FIXTURES — RULE BY WHICH COMMISSIONERS IN CONDEMNATION ARE TO DETERMINE WHAT ARE REMOVABLE FIXTURES. The additions under consideration were made by the tenants for business purposes and their character as against the landlord is to be determined by the rule applicable to trade fixtures, which is that

"trade fixtures of a tenant remain personal property in the eye of the law so far as the right of removal is concerned," subject to the limitation that the removal of such fixtures must be accomplished without substantial injury to the freehold; but it is reversible error in making an award for such fixtures to introduce into such rule the further condition that the property to be removed must be susceptible of removal "without injury to said property."

3. SAME — ERRONEOUS HOLDING THAT CERTAIN ADDITIONS BY A TENANT TO LEASED PREMISES DID NOT CONSTITUTE TRADE FIXTURES. The facts examined in a contest between the tenant and landlord of certain real property taken under condemnation proceedings, as to which is entitled to an award made for certain additions made by the tenant to the leased premises, and *held*, that part, at least, of such additions constituted trade fixtures and that, therefore, a holding, as matter of law, that none of them were such fixtures, is erroneous.

*Matter of City of New York*, 122 App. Div. 890, modified.

(Argued April 1, 1908; decided June 2, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1907, which affirmed an order of Special Term overruling objections to a supplemental and amended report of commissioners of estimate and assessment in the above-entitled proceeding and confirming said report.

The facts, so far as material, are stated in the opinion.

*William H. Harris* for John E. Conron et al., appellants. The property for which the award of $30,000 was made consisted wholly of trade fixtures, which were the sole property of these appellants, and they were entitled, therefore, to the whole award for the same. (*Matter of Totten*, 179 N. Y. 112; 2 Taylor on Landl. & Ten. [8th ed.] § 544; 1 McAdam on Landl. & Ten. [3d ed.] 709, § 211; *M. Nat. Bank* v. *Shinn*, 18 App. Div. 279; 163 N. Y. 360; *Van Ness* v *Packard*, 2 Pet. 137; *Voorhees* v. *McGinnis*, 48 N. Y. 290; *Lewis* v. *O. N. & P. Co.*, 125 N. Y. 346; *Tift* v *Horton*, 53 N. Y. 377; *Andrews* v. *D. B. Co.*, 132 N. Y. 348; *McKeage* v. *H. F. Ins. Co.*, 81 N. Y. 38; *Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 281; *G. M. M. Co.* v. *Quinn*, 76 N. Y.

23; *Poillon* v. *Gerry*, 179 N. Y 14; *Matter of Park Comrs.*, 17 N. Y. S. R. 371; *Livingston* v. *Sulzer*, 19 Hun, 375.)

*Ernest E. Wheeler* and *Manfred W. Ehrich* for T H. Wheeler Company, appellant.   The appellant is entitled to this award because undei the terms of the lease the fixtures for which the award was made belong to the tenant and the tenant had the right to remove the same.   (*Poillon* v. *Gerry,* 179 N. Y. 14; Taylor on Landl. & Ten. [8th ed.] § 544; Woodfall on Landl. & Ten. [16th ed.] 661; *Tabor* v. *Robinson*, 36 Barb. 484; *Dubois* v. *Kelly*, 10 Barb. 496; *Vanderpool* v. *Van Allen*, 10 Barb. 157; *Hamilton* v. *Austin*, 36 Hun, 138; *Potter* v. *Cromwell*, 40 N. Y. 295; *Matter of Mayor, etc.*, 39 App. Div. 589; *Duntz* v. *G. B. Co.*, 41 Miss. 177; *Holmes* v. *C. M. F. Ins. Co.*, 51 Mass. 212; *Smith* v. *Benson*, 1 Hill, 176; *People ex rel. Muller* v. *Bd. of Assessors*, 93 N. Y. 308, 2 Kent's Comm. 344; *People ex rel. Van Nest* v. *Comrs.*, 80 N. Y. 573.)   This appellant is entitled to this award because the improvements made by it were in the nature of trade fixtures and so its property.  (*Voorhees* v. *McGinnis*, 48 N. Y. 282· *Ombony* v. *Jones*, 19 N. Y. 234; *Dubois* v. *Kelly,* 10 Barb. 496; *Baker* v. *McClung,* 198 Ill. 28; *Matter of Schmidt*, 58 Md. 360; *Moore* v. *Wood*, 12 Abb. Pr. 393; *Van Ness* v. *Packard*, 2 Pet. 137; *Murdock* v. *Gifford*, 18 N. Y. 28; *Cohen* v. *Witeman*, 100 App. Div. 338; *M. Nat. Bank* v. *Shinn*, 18 App. Div. 276.)

*David Gerber* and *Michael J. Mulqueen* for respondent.

HISCOCK, J.   The respondent Glass was the owner of part of the premises which the city sought to acquire in this proceeding and the appellants were tenants respectively of certain portions of the premises so owned by him under separate leases which at the date of the awards, as originally made herein, had some years to run.   There were also other tenants of the property whose claims and rights are not involved in any way on this appeal.

In the original award made by the commissioners they awarded a large sum for land and improvements to the owner and landlord Glass. They also awarded certain sums to the appellants herein respectively for the value of the unexpired terms of their leases, and these awards are not in any way involved on this appeal.

It appeared, however, that the appellants in order to fit the premises leased by them for the purposes for which they were to be used had expended large sums for additions and improvements which are claimed by them to have been trade fixtures, and it is in connection with the awards made for these improvements that the questions have arisen which are now presented for our consideration.

On account of such additions the original report of the commissioners awarded to the appellants John E. Conron and Joseph Conron, composing the firm of Conron Brothers, lessees, the sum of thirty thousand dollars for "fixtures not so attached as to have become the property of the owner of the land," and to the appellant T. H. Wheeler Company the sum of $4,150 for "fixtures not so attached as to have become the property of the owner of the land."

This report was confirmed in the first instance by the Special Term in all respects so far as the city was concerned, it being especially provided as follows:

"As to the other awards made to  *  *  *  John E. Conron and Joseph Conron, composing the firm of Conron Brothers, and the T. H. Wheeler Company, for fixtures, the said report be, and the same hereby is confirmed, so far as the City of New York is concerned, and that upon the entry of this order, title shall be vested in the city of New York, to all the property covered by said several awards,  *  *  *  and the right to such awards is hereby reserved for the further determination of the Court, in the same manner as though a partial confirmation of the said report had not been made."

Subsequently it was ordered "that the said report of the said commissioners in so far as it directs and makes awards to the T. H. Wheeler Company for fixtures in the sum of $4,150

and to John E. Conron and Joseph Conron, composing the firm of Conron Brothers, for fixtures, in the sum of $30,000, be and it is hereby in all respects confirmed."

On appeal to the Appellate Division from the order of confirmation it was provided " that the said order so far as it confirms the said report in making an award to the T. H. Wheeler Company for fixtures, in the sum of $4,150, is hereby reversed, and the said report in that particular is sent back to the said Commissioners of Estimate and Assessment herein, with directions to award the said sum of $4,150 to the appellant John Glass (the landlord), and the said report in that particular is recommitted to the said Commissioners for correction accordingly ; and that the said order, so far as it confirms the said report in making an award to John E. Conron and Joseph Conron * * * for fixtures in the sum of $30,000, is hereby reversed, and the said report in that particular is sent back to the said Commissioners of Estimate and Assessment herein, with direction to award to the said Conron Brothers, out of the said sum of $30,000, the value of the property taken by the City of New York belonging to the said Conron Brothers, which they had a right to and could remove without injury to said property and the freehold, and which value, if any, should be based upon the value of the particular property after it had been detached from the building at the expiration of the demised term of the said Conron Brothers, with the value of the use of said property for the unexpired term, and the balance of the said sum of $30,000 shall be awarded to John Glass, and the said report in that particular is recommitted to the said Commissioners for correction accordingly."

On appeal by the present appellants to this court from the provisions of said order just quoted, it was in effect held that said order was not final, and, therefore, was not appealable to this court.  (182 N. Y. 281.)

On the rehearing before the board of estimate and assessment there was awarded " to John E. Conron and Joseph Conron, composing the firm of Conron Brothers, for so much

thereof (meaning the fixtures for which in the former report there was awarded to Conron Brothers the sum of $30,000) as they had a right to and could remove without injury to said property and the freehold, with the value of the use of said property, $12,000," and the balance of said $30,000, to wit, $18,000, was awarded to the landlord John Glass. Also by said report there was awarded to John Glass, the landlord, the sum of $4,150 for "fixtures for which in the former report this award was made to T. H. Wheeler Company."

This award was confirmed, and the order confirming the same was affirmed at the Appellate Division, and such order, together with the interlocutory order modifying the original report, are now before us for review.

The appeals of the different appellants involve somewhat different questions and we shall, therefore, consider them separately, taking up first that of Conron Brothers.

The solution of the questions which were before the Appellate Division on the first appeal, and which are now before us, was and is governed by what has been placed beyond dispute as well as by that which is still subject to controversy.

The commissioners awarded $30,000 for certain additions made to the premises by the tenants and which in their opinion constituted fixtures which the latter could remove. Apparently, and as seems to have been assumed, this award was regarded as the fair market value of these fixtures at the time of the condemnation proceedings, taking into account a wide range of circumstances bearing on that value. The city, being the one to pay it, and also the present parties, acquiesced in the measure and amount of this award and the city acquired title to the property at that valuation and is out of the proceeding. The only question left for dispute was how this sum thus paid on a certain basis of valuation for certain articles should be divided between the two parties, landlord and tenants, making opposing claims thereto. It seems pretty clear that in thus dividing it between these contestants the same basis and theory of valuation should be pre-

served as that under which the sum to be divided was origi-
nally produced, and that it was error, and undoubtedly very
prejudicial to the tenants for the learned Appellate Division
to reject the measure of present market value adopted by the
commissioners and in place thereof to substitute a " value if
any  *  *  *  based upon the value of the particular prop-
erty after it had been detached from the building at the expi-
ration of the demised term  *  *  *  with the value of the
use of said property for the unexpired term." When the city
has been charged with and has assented to a certain sum for
certain property even though it be too large as against the
city, we see no justification for adopting a different basis of
valuation on a settlement between the landlord and tenants
of their respective rights in the fund thus produced.

In an equally erroneous manner as we think, and to the dis-
advantage of the tenants, a new and too exacting condition
was introduced by the Appellate Division into the rule by
which the commissioners were to determine what were remov-
able fixtures for which an award might be made to the ten-
ants. This condition as already stated was that the property
must be susceptible of removal, not only without injury to the
freehold, but also without injury to the property being
removed.

The additions under consideration were made by the ten-
ants for business purposes and their character as against the
landlord is to be determined by the rule applicable to trade
fixtures. This rule is very liberal toward the tenant.
(Taylor's Landlord and Tenant [8th ed.], vol. 2, p. 544.)

It has been formulated as follows : " As between landlord
and tenant the placing of machinery or other appliances by
the tenant upon the leased premises for the purpose of trade
or manufacture to be carried on by the tenant does not make
the property so affixed a part of the freehold, but it still
remains personalty to such an extent at least that the tenant
retains the right to remove it. (Citations.) The trade fix-
tures of a tenant in other words remain personal property
in the eye of the law so far as the right of removal is con-

cerned." (*Mass. Nat. Bank* v. *Shinn*, 18 App. Div. 276; affirmed, 163 N. Y. 360.)

The familiar limitation upon the right to remove such fixtures is that the removal must be accomplished without substantial injury to the freehold. The further condition has not been adopted so far as we are aware in the broad language used in this proceeding, that the property must be susceptible of removal " without injury to said property." Many additions held to be trade fixtures and removable were necessarily more or less injured in process of removal. It has been held in Massachusetts that the right of removal should not be extended so as to include " a thing which cannot be severed from the realty without being destroyed or reduced to a mere mass of crude materials " (*Collamore* v. *Gillis*, 149 Mass. 578, 581), but we think that this rule in most instances in practical results would be the equivalent of the other one forbidding substantial injury to the freehold.

In *Moore* v. *Wood* (12 Abb. Pr. 393), a case frequently cited, it was held that a large chimney was removable by the tenant, and after referring to the removable character of an engine placed on the freehold by the tenant and affixed by solid masonry, it was said : " No one at the present day would regard such an erection by a tenant for the purposes of trade immovable, and a part of the realty. So with a chimney, which is a part, and a necessary part, of the same structure. The tenant who erects it has a right to remove it. It is no part of the freehold or realty."

In *Baker* v. *McClurg* (198 Ill. 28), after referring to various erections which were to be regarded as trade fixtures and removable by the tenant, it was said : " Ordinarily, such things cannot be removed without injury to the material composing them."

On the evidence as it now stands, including that taken on the rehearing, it is apparent that no such effect would be produced on most, if any, of the alleged fixtures as that suggested in the Massachusetts case, and that they would be removable as the property of the tenants. (*Lewis* v. *Ocean N. & P.*

*Co.*, 125 N. Y. 341; *Livingston* v. *Sulzer*, 19 Hun, 375; *Ombony* v. *Jones*, 19 N. Y. 234; *Conde* v. *Lee*, 55 App. Div. 401.)

Much that has. been said with reference to the claims of Conron Brothers applies to those urged by the Wheeler Company. The learned Appellate Division in effect held as matter of law that none of the additions made by it were trade fixtures, and in this determination we think error was committed. We understand that there is no dispute that this appellant is entitled to the benefits of the rules relating to trade fixtures. The city has been charged and has paid a certain sum for certain additions which were made by the company to the leased premises, and the only question thus far presented is whether any of this property constituted trade fixtures. We think that at least some of it did. The lease of this tenant expressly provided " that the fixtures put in by the said tenant belong and is the property of said tenant, and may remove the same at the expiration of his lease."

While, as suggested by the Appellate Division, this clause might not overturn certain rules applicable to fixtures and convert into a removable fixture that which ordinarily would be a permanent irremovable improvement to the freehold, it does emphasize what is most important in this contest, namely, the expectation and intention of the parties that the tenant was about to make additions for the purpose of its business which should be regarded as fixtures and be removable as such, and it makes a little more apparent the radical nature of the decision below that as matter of law no one of the additions made by the tenant was a fixture. Of course, as in the case of the other appellants, this appellant would be entitled to receive for so much of the property covered by the original award of $4,150 as is removable, an allowance on the same basis of valuations as was adopted in making the total award of $4,150.

The order appealed from and the interlocutory order of March 20, 1905, brought up for review, must be reversed in so far as they affect the awards of $30,000 and $4,150 originally

made in favor of Conron Brothers and the Wheeler Company respectively for fixtures, and the proceedings remitted to the commissioners for a rehearing and further report in accordance with the views herein expressed, with costs to appellants in both courts.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Ordered accordingly.