In re WILLCOX et al., Public Service Commission.

(Supreme Court, Appellate Division, First Department. February 17, 1911.)

EMINENT DOMAIN (§ 194*)—CLAIMS FOR COMPENSATION—AMENDMENTS.

Under Rapid Transit Act (Laws 1891, c. 4, as added by Laws 1908, c. 498, § 19) §§ 55, 59, requiring the presentation to the commissioners of appraisal of claims for compensation within six months after their appointment, and authorizing amendments to supply defects arising in the course of any special proceeding authorized by the act, and Code Civ. Proc. § 3382, authorizing the court in condemnation proceedings to make necessary orders, the court may, after the expiration of the six months, amend nunc pro tunc a claim of an assignee of a lessee of property passing to the city for the value of so much of the estate for years belonging to the lessee as has been or shall be taken, and for the damages due to the lessee or to the assignee, so as to allow a recovery for trade fixtures erected on and attached to the property and appurtenant to the leasehold, and thus permit the presentation of evidence in support thereof; the amendment being merely an amplification of an existing claim.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 523; Dec. Dig. § 194.*]

Appeal from Special Term, New York County.

Application by William R. Willcox and others, constituting the Public Service Commission in and for the First District of New York, for the appointment of Commissioners of Appraisal relative to acquiring the fee of premises. From an order of the Special Term, denying a motion of J. Archibald Murray, a claimant, for an order to amend nunc pro tunc his claim, he appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Blair & Rudd (John N. Blair, of counsel), for appellant.

Archibald R. Watson, Corp. Counsel (Clarence L. Barber, of counsel, and Theodore Connoly, on the brief), for respondents.

CLARKE, J. Appeal from an order denying a motion brought under section 59 of the rapid transit act (chapter 4, Laws 1891, as added by Laws 1908, c. 498, § 19) to amend nunc pro tunc a claim filed on May 22, 1908, for property taken in this proceeding. The proceedings affect six parcels of land on the southeasterly corner of Centre and Walker streets condemned for the subway loop.

Appellant claims as assignee of Patterson, Gottfried & Hunter, Ltd., a corporation, which had leases, running to May 1, 1912, of the basement, store floor, and first and second lofts of the corner building, 146–150 Centre street and 111 and 115 Walker street, and of the entire building adjoining, No. 117 Walker street.

The company dealt in hardware, machinery, metals, tools, and supplies, and it fitted up said premises as store and offices suitable to the conduct of a heavy volume of business for a large force of men. This involved the usual show windows, interior trim, hardwood floors, wires and lights and plumbing, built-in shelving, bins, racks, etc., and also mezzanine floors, stairways, partitions, and a large variety of other items required to increase the available space in the buildings, and adapted the same to the uses of the merchandise.

Title to this property passed to the city on April 2, 1908. In Matter of City of New York, 101 App. Div. 527, 92 N. Y. Supp. 8, Judge Ingraham had said:

"I think it clear that generally all of such installation becomes a part of the realty, and that, even as between landlord and tenant, the tenant would not have the right at the expiration of his lease to remove what has become a part of the building itself, but as between this landlord and his tenants the right of the tenants to these fixtures was, apart from the use in connection with the building during the balance of the term demised, solely that of a right to remove at the expiration of the term such portion of the machinery as had not become a part of the realty. * * * As between landlord and tenant, as I view it, all the interest that the tenant has at the expiration of his lease is the right to remove such of the property as he has placed upon the demised premises which are trade fixtures; and upon the property being taken for public use he has the right to have the value of his lease and also the value of this right to remove these trade fixtures at the expiration of his lease. He would then receive full compensation if he were paid the value of the property that he has the right to remove after it is severed from the property. He certainly has not the right, as against his landlord, to have a value fixed upon such property based upon what it would cost to install it, with a depreciation of its use during the time that it has been in use."

This case was decided in 1905.

Under that exposition of the law, the claimant filed a claim as assignee of the Patterson, Gottfried & Hunter, Ltd., alleging that said corporation is the owner of an estate for years, and concluding:

"I, J. Archibald Murray, of the borough of Manhattan, city of New York, do hereby make claim for the value of so much of the estate for years belonging to said Patterson, Gottfried & Hunter, Ltd., in the above-described

premises as have been or shall be taken herein, and for the damages justly due to said corporation or to me as its said assignee by reason of this proceeding."

As soon as his parcels were reached in their turn, the claimant presented before the commissioners his evidence of the value of his property taken and concluded the same on October 6, 1910, when he rested; but in the meanwhile two further decisions of the courts had been made. The foregoing case was appealed (Matter of City of New York [Conron v. Glass] 192 N. Y. 295, 84 N. E. 1105, 18 L. R. A. [N. S.] 423), and was decided in 1908. The Court of Appeals said:

"In the original award made by the commissioners they awarded a large sum for land and improvements to the owner and landlord, Glass. They also awarded sums to the appellants herein respectively for the value of the unexpired terms of their leases, and these awards are not in any way involved on this appeal. It appeared, however, that the appellants, in order to fit the premises leased by them for the purposes for which they were to be used, had expended large sums for additions and improvements which are claimed by them to have been trade fixtures, and it is in connection with the awards made for these improvements that the questions have arisen which are now presented for our consideration. On account of such additions, the original report of the commissioners awarded to the appellant, John E. Conron, and Joseph Conron, composing the firm of Conron Bros., lessees, the sum of $30,000 for 'fixtures not so attached as to have become the property of the owner of the land,' and to the appellant T. H. Wheeler Company the sum of $4,150 for 'fixtures not so attached as to have become the property of the owner of the land.'"

Speaking of the Conron claim, the court said:

"The commissioners awarded $30,000 for certain additions made to the premises by the tenants and which in their opinion constituted fixtures which the latter could remove. Apparently, and as seems to have been assumed, this award was regarded as the fair market value of the fixtures at the time of the condemnation proceedings, taking into account a wide range of circumstances bearing upon their value. The city, being the one to pay it, and also the present parties, acquiesced in the measure and amount of this award, and the city acquired title to the property at that valuation and is out of the proceeding. The only question left for dispute was how this sum thus paid on a certain basis of valuation for certain articles should be divided between the two parties, landlord and tenants, making opposing claims thereto."

And laid down this rule:

"When the city has been charged with and has assented to a certain sum for a certain property even though it be too large as against the city, we see no justification for adopting a different basis of valuation on a settlement between the landlord and tenants of their respective rights in the fund thus produced."

The claimant avers that he so conducted his case as to be in a position to recover under either rule which should finally be approved by the court; that is, he offered and was permitted to make proof of the value of his assignor's leasehold estates regarded as estates in property improved and equipped with fixtures, or, in other words, the value of his leases, including therein the value of the use of the fixtures in connection with the use of the land to which they had been attached, and the value of the right to remove them on termina-

tion of the leases. And he had, after completion of and distinct from the above proof, presented testimony of the value of the leaseholds regarded as estates in empty buildings and of the nature, materials, construction, method of attachment to the realty, and adaption to use in connection therewith of each item of trade fixtures installed by his assignor and of the market value thereof, regarded as attached but severable on the day of condemnation.

After the decisions alluded to, as well as Matter of Avenue A, 66 Misc. Rep. 512–513, 122 N. Y. Supp. 321, the corporation counsel insisted that this claimant was not entitled to take advantage of the newly declared rule because he had not in distinct words claimed the value of his fixtures. Whereupon claimant made this motion to amend his claim nunc pro tunc by adding at the end of his first paragraph the words:

"And that said Patterson, Gottfried & Hunter, Ltd., was, until title thereto was taken from it by the city of New York by condemnation by virtue of this proceeding, also the owner of certain trade fixtures erected upon and attached to the said real property and appurtenant to its said leasehold estate therein."

At the end of the second paragraph the words:

"And that said Patterson, Gottfried & Hunter, Ltd., was, until title thereto was taken from it by the city of New York by condemnation by virtue of this proceeding, also the owner of certain trade fixtures erected upon and attached to the said real property and appurtenant to its said leasehold estate therein."

And in the fifth line of the fourth paragraph of the original claim, after the word "premises," the words:

"And of the trade fixtures erected upon and attached to the said real property and appurtenant to said leasehold estates of the said tenant."

He claimed that the court has power to grant the relief by section 59 of the rapid transit act (chapter 4, Laws 1891, as added by Laws 1908, c. 498, § 19), containing the following provision:

"If in any particular it shall be found necessary to amend any pleading or proceeding or to supply any defect therein arising in the course of any special proceeding authorized by this act, the same may be amended or supplied in such manner as may be directed by the Supreme Court which is hereby authorized to make such amendments."

And section 3382 of the Code of Civil Procedure:

"In proceedings under this title, where the mode or manner of conducting all or any of the proceedings therein is not expressly provided by law, the court, before whom such proceeding may be pending, shall have the power to make all necessary orders and give necessary directions to carry into effect the object and intent of this title and of the several acts conferring authority to condemn land for public use and the practice in such cases shall conform as near as may be to the ordinary practices in such court."

The corporation counsel claims that section 55 of the act, which provides that every owner or person in any way interested in any property taken or extinguished as contemplated in this act, if he intends to make claim for compensation for such taking or extinguishment, shall, within six months after the appointment of commissioners of appraisal, exhibit to said commissioners a statement of his claim,

is a statute of limitations, and that no amendment can be made because the new claim is barred by such limitation.

We do not agree with this contention. We must start with the proposition that private property cannot be taken for public use without just compensation. We do not think that a new claim is being asserted. We think it is but an amplification of that already existing. It would seem then that no amendment is necessary because the items are provable under the claim for the value of the leasehold; but, as the corporation counsel has threatened to move before the commissioners to strike out all the testimony taken in regard to the value of the fixtures, and as the court below has denied the motion to amend, I think it would follow that the commissioners, regarding the action taken as a direction by the court, would attempt to follow the ruling and strike out said testimony. This would cause further complications and unnecessary appeals. As it appears that in the later cases the Court of Appeals has laid down the rule that the tenant is entitled as between himself and the landlord to compensation for the value of his lease, and to have included therein as a going concern the value of his trade fixtures, such value must be an element to be considered in arriving at the full amount of compensation to be paid by the city, for the whole property taken, out of which is to be carved the various interests of the different persons entitled to be paid an award for the taking of their property. Seton v. City of New York, 130 App. Div. 148, 114 N. Y. Supp. 565. It would be a gross injustice if the tenant was allowed to recover from the landlord, but the landlord was not entitled to recover from the city. In Matter of City of New York, 192 N. Y. 295, 84 N. E. 1105, 18 L. R. A. (N. S.) 423, 127 Am. St. Rep. 903, a sum had been ascribed as the value of the fixtures. The landlord then said to the tenant, "Yes, you fixed the value of the fixtures, so far as to swell the award made by the city, but, as between us I am entitled to a large part of the benefit of that award." The court said, "No, it must be treated in the same way, as it was an element of the award, so it must be distributed as between the tenant and the landlord." The reverse of that proposition must be true. If the tenant is entitled to obtain the value of the fixtures from the landlord, it must first be put into the award so that the aggregate amount may include the items.

In Matter of City of New York (North River Water Front) 118 App. Div. 865, 103 N. Y. Supp. 908, affirmed 189 N. Y. 508, 81 N. E. 1162, the city appealed from an order confirming the report of commissioners. Ingraham, J., said:

"The question presented upon this appeal * * * is as to the value of certain property taken in this proceeding. The commissioners have included in their award the value of certain machinery, which it is claimed were fixtures and a part of the real property taken. * * * This machinery was used in connection with the building which belonged to the tenant. It would be manifestly unjust to treat such property as personal property when its value after it was severed from the building would be a very small percentage of its value as a part of the building for the use of the tenants in the business which they were conducting. Assuming that, if the landlord elected to purchase the building under the provisions of the lease, it would not be required to pay for such property, and the tenant would be required

to remove it, when the city condemns the property it takes from the tenant the building of which this machinery is a part, and it is only just that the tenant should be paid what the building is worth as a whole. What the tenant is entitled to is the fair market value of the property that is taken. * * * The particular property to be included in such an award must necessarily depend upon the character of the building, the character of the machinery and of the business carried on, and while much of this machinery may be old and antiquated if removed, so as to be then of little value, it is valuable for use by the tenant as a part of his leasehold interest in the property and his ownership of the building in which it was installed. * * * The city is not the landlord, and as against the tenant has not acquired the landlord's rights, but is taking this property against the wish of both the landlord and the tenant for its own purposes. The rule that exists as between landlord and tenant, which has been evolved by the courts to prevent injustice to the tenant, should not be applied so that a beneficial use of the property is taken from the tenant without making him a fair compensation for the property as a whole."

Of course we do not now pass upon the nature of the fixtures, or whether they come within the ruling or are to be allowed for; we simply allow the amendment to the claim so that the evidence may be presented.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant. All concur.