(165 App. Div. 197)

In re WILLCOX et al., Public Service Commission.

In re FLATBUSH AVE. EXTENSION, FOURTH AVE. SUBWAY.

(Supreme Court, Appellate Division, Second Department.　December 24, 1914.)

1. EMINENT DOMAIN (§ 155*) — DAMAGES — RIGHT TO AWARD — DAMAGES OF TENANT.

On the condemnation of leased land for a subway extension, it was the duty of the commissioners to deduct from the damages awarded to the owners the damages awarded to the tenant.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 421–424; Dec. Dig. § 155.*]

2. EMINENT DOMAIN (§ 231*)—DAMAGES—TESTIMONY OF WITNESSES—CONCLUSIVENESS.

Condemnation commissioners, in fixing damages for land taken or damages in the construction of a subway extension, are not bound by the testimony of witnesses.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 585–589; Dec. Dig. § 231.*]

3. EMINENT DOMAIN (§ 147*)—CONDEMNATION PROCEEDINGS—AWARD TO TENANT—FIXTURES.

Since trade fixtures belonging to a tenant are a part of the realty so long as they remain fixtures, and damages are recoverable if they are destroyed or injured, an award was properly made in proceedings to condemn land in the possession of a tenant for the destruction of such fixtures.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 394–396; Dec. Dig. § 147.*]

4. LANDLORD AND TENANT (§ 100*)—CONDEMNATION OF LEASED LAND—RIGHTS OF TENANT—"OR OTHERWISE."

Where property condemned was under lease providing that if the property should be partially destroyed by fire it should be repaired, but if there was a total destruction by fire "or otherwise" the rent should be paid up to the time of destruction and the lease should cease, the words "or otherwise" should receive an ejusdem generis interpretation, and hence did not include a taking of the property by the exercise of the city's right of eminent domain.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 313; Dec. Dig. § 100.*

For other definitions, see Words and Phrases, First and Second Series, Otherwise.]

5. LANDLORD AND TENANT (§ 100*)—TERMINATION OF LEASE—CONDEMNATION.

Where leased property is sought to be condemned for public use, the lease is terminated only on the exercise of the power of eminent domain.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 313; Dec. Dig. § 100.*]

Appeal from Special Term, Kings County.

In the matter of the application and petition of William R. Willcox and others, constituting the Public Service Commission, for the Flatbush Avenue Extension of the Fourth Avenue Subway. From an order fixing damages, the Public Service Commission appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles J. Nehrbas, of New York City (Terence Farley and Edward J. Kenney, Jr., both of New York City, on the brief), for appellants.
James E. Kelly, of New York City, for respondent lessee.
Robert H. Elder, of New York City (Otho S. Bowling, of New York City, on the brief), for respondent landlord.

JENKS, P. J.   The Public Service Commission and the city of New York appeal from the appraisal and award of commissioners in condemnation of certain property taken for subway construction in the borough of Brooklyn.

[1] It is insisted, first, that there is error in the application of the rule of damages, in that the commissioners failed to deduct from the owners' award the damage which they found was sustained by their tenant.   The rule itself is, I think, well settled in accord with the appellants' contention.   Matter of City of New York (Delancey St.) 120 App. Div. 700, 105 N. Y. Supp. 779; Matter of Daly, 29 App. Div. at page 287, 51 N. Y. Supp. 576; Lewis on Eminent Domain (3d Ed.) § 719, citing cases.

We have neither opinion nor statement of the commissioners indicating the theory or the process of their awards.   But the report contains certain definite amounts, awarded respectively for specified property rights.   To the owners was awarded for permanent easement $33,600, for temporary easement $14,656, and for use of the estate $1,680.   To the lessee was awarded for destruction of lease and for fixtures $10,400, composed of the items $5,400 and $5,000, respectively.   The able counsel for the appellants concedes that there should have been an award for the damage to land, and that the commissioners added correctly thereto $14,656 for the value of the building. But his proposition is, as I have said, that they should have deducted from the sum of those two items the said damage of $5,400.   Proof that this was not done rests admittedly upon the assumption that the commissioners adopted a valuation of the expert witness called by the appellants.   That witness testifies that the damage to the permanent easement was $47,656.   The counsel deducts therefrom his valuation of the buildings, $14,656, so that the remainder is $33,000, while the compensation as determined by the report is $33,600.   As the commissioners awarded $5,400 to the tenant, it is argued that they could not have deducted the $5,400.   The difference of $600 between the said $33,000 and $33,600 is explained by the counsel in these words:

"It is quite apparent that the commissioners added $600 to the city's testimony as to the damage to the land."

But there is no proof that the commissioners made such an addition, or any addition.   It is only "apparent" in the sense that, if the commissioners adopted the values of the city's witness, there was a discrepancy of $600 that must be accounted for in some way.

There is no proof that the commissioners did not deduct the $5,400, but the conclusion that they did not do so rests upon the proposition that the commissioners adopted the city's witness' said valuation of $47,656.   Why should we assume that the commissioners followed the

figures of the city's expert witness? We have as much right to assume that they adopted the figures of the owner's expert witness. Nay, if it appear that upon such assumption the commissioners could have applied the correct rule, the assumption is justified, in that it is harmonious with the presumption that they did so. Harlem River & P. R. R. Co. v. Reynolds, 50 App. Div. 575, 64 N. Y. Supp. 199; Haight v. Village of Peekskill (2d Dep., Gen. Term), 21 N. Y. Wkly. Dig. 80; Matter of Thompson, 14 N. Y. St. Rep. 522, affirmed 127 N. Y. 685, 29 N. E. 150. The owners' expert witness testifies that the damage to the permanent easement was $53,512. If we deduct therefrom his valuation of the building (which agrees exactly with that of the city's witness and that found in the report), $14,656, the remainder is $38,856. If from this sum, in obedience to the rule, there is a deduction of the tenant's $5,400, the result is $33,456, which is but $144 less than the said award by the commissioners of $33,600.

[2] The counsel comments that the award exceeds the total damage estimated by the owner's expert witness by $144. But it is a familiar principle that the commissioners are not bound by the testimony of witnesses. Matter of Town of Guilford, 85 App. Div. 207, 83 N. Y. Supp. 312, and authorities cited. The commissioners report that they viewed the premises. See Matter of N. Y. El. R. R. Co. (Westervelt), 58 Hun, 611, 12 N. Y. Supp. 858.

[3] It is insisted, second, that no award should have been made to the tenant for the destruction of fixtures. For it is contended that "these articles were all 'trade fixtures' and were personal property." I think that these articles were within the scope of the compensation to be made. They are "a part of the realty, so long as they remain fixtures; and damages are recoverable, if they are destroyed or injured in value. Edmands v. Boston, 108 Mass. 535. See Jackson v. State of New York, 213 N. Y. 34, 106 N. E. 758; Lewis on Eminent Domain, 728, citing authorities. And see Matter of Willcox, 142 App. Div. 680, 127 N. Y. Supp. 777; Matter of City of New York, 192 N. Y. 295, 84 N. E. 1105, 18 L. R. A. (N. S.) 423, 127 Am. St. Rep. 903; Matter of City of New York (N. R. Water Front), 118 App. Div. 865, 103 N. Y. Supp. 908, affirmed 189 N. Y. 508, 81 N. E. 1162.

[4] The owners (and landlord) contend that the award for permanent and temporary easements should be paid to them, but assert that "they have no interest whether the two awards should be paid to the tenant or not." Our disposition of the case upon the lines of the present opinion for affirmance would seem to satisfy them, inasmuch as they pray that the order be affirmed. The point of the landlord, that the tenant was not entitled to any compensation for the lease, is not well made. The proposition is that the lease contained a fire clause, providing that if the same should be partially destroyed by fire there should be repair, etc., "but, in case of the total destruction of the premises, by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth this lease shall cease and come to an end," etc., and that the words "or otherwise" covered this exercise of the right of eminent domain. But I think that the words "or otherwise" must receive an ejusdem generis interpretation. See

the rule stated in People ex rel. Huber v. Feitner, 71 App. Div. at page 481, 75 N. Y. Supp. 738, citing authorities. See, too, Lewis v. Smith, 9 N. Y. at page 520, 61 Am. Dec. 706; People v. Elfenbein, 65 Hun, 434, 20 N. Y. Supp. 364. This is also evident from the history of the so-called fire clause in leases in this state. See Suydam v. Jackson, 54 N. Y. 450; Johnson v. Oppenheim, 55 N. Y. 280. Curiously enough, Earl, C., in describing the common-law liability of the tenant in the first case cited, uses the word "otherwise" as I think it is used in the said clause of the lease. 54 N. Y. 453.

[5] The lease, as between the lessor and lessee, was not destroyed "by fire or otherwise." Of course, it was destroyed when the exercise of the power of eminent domain was made, but only then.

I recommend affirmance, with $10 costs and disbursements. All concur.