(December 29, 1964)

■ WILLIAM KELDER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38686.)— AULISI, J. Appeal from a judgment of the Court of Claims entered April 7, 1964, awarding claimant the sum of $16,685 and interest. The claim is for the loss of plants and trees which the State refused to pay contending that they were personalty and therefore not compensable. The appropriation was made pursuant to section 29 of the Highway Law on September 19, 1960. Claimant was a tenant in possession of certain real property in the Town and County of Ulster which was to be used for the Kingston by-pass in the vicinity of the Thruway interchange at Kingston, New York. Claimant conducted a nursery business on said land and had occupied same for about 30 years pursuant to both written leases and oral lettings. His last-written lease expired October 31, 1959, and it provided that upon the taking of the premises for public use "this lease at the option of the landlord shall expire. No part of the award, however, shall belong to the tenant." It further provided that the tenant "shall have the right to remove all plants and trees from said premises when he surrenders possession thereof." The option to terminate was never exercised by the landlord and the claimant continued in possession on a month-to-month basis paying the rent to October 31, 1960. Written notice of the appropriation was personally served on the claimant November 3, 1960. Subdivision 6 of section 30 of the Highway Law provides that "the appropriation by the state of the property described in such description and map shall be deemed complete and the title to such property shall be vested in the people of the state of New York." Subdivision 2 of section 29 of the same law defines the term "property" as used therein to include any and all interests in such property less than the full title "such as easements permanent or temporary, rights of way, uses, leases, licenses and all other incorporeal hereditaments and every estate, interest or right legal or equitable." The owner of an interest so appropriated has the right to seek damages in the Court of Claims as of the time of the taking (see Matter of City of New York [Fairfield Trust], 19 A D 2d 44; Highway Law, § 30, subd. 14). We are of the opinion that plants, trees and other nursery stock constitute real property (Heller v. Amawalk Nursery, 253 App. Div. 380, affd. 278 N. Y. 514), and even though the lease provides that no part of the award shall belong to the tenant, the tenant retains the right of compensation for his interest in any annexations to the real property which but for the fact that the real property has been taken, he would have had the right to remove at the end of his lease (Matter of Mayor of City of New York, 168 N. Y. 254; Poillon v. Gerry, 179 N. Y. 14). In Matter of City of New York (Allen St.) (256 N. Y. 236, 245) Judge LEHMAN writing the majority opinion said: "The city has taken the real property in the condition in which it was at the time of the appropriation. It may have been the intention of these owners that annexations to the realty should not become part of the real property. As between the parties the courts will, at least at times, give effect to that intention; but when the city takes the property it takes the property itself with all its 'improvements,' and extinguishes the title of all who had any interest therein. That rule constitutes the foundation of the decisions that the city must pay for fixtures annexed to the real property by a tenant, though as between landlord and tenant the annexations remained the personal property of the tenant, severable by him at least before the expiration of his term." More recently Judge VAN VOORHIS writing for the Court of Appeals in Marraro v. State of New York (12 N Y 2d 285, 292–293) said: "At the risk of reciting platitudes, it may clarify the controversy if brief reference

is made to the general law of fixtures in eminent domain. An appropriation of land by the State, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and the value of the fixtures must be included in determining the total value of property so appropriated (*Jackson* v. *State of New York,* 213 N. Y. 34). They are part of the realty so long as they remain fixtures (*Matter of Willcox,* 165 App. Div. 197, 200). Mere personalty, even though used in conjunction with real property, is not compensable at all (cf. *Madfes* v. *Beverly Development Corp.,* 251 N. Y. 12, holding gas ranges not to be fixtures but mere personalty; *Stahl* v. *Norwich,* 204 App. Div. 552, holding ordinary lighting fixtures to be mere personalty), and personal property which has lost its identity by becoming a structural part of a building can no longer become the subject of a separate award (*Matter of City of New York* [*Delancey St.*], 120 App. Div. 700). Between these extremes are articles which are sufficiently annexed to the freehold so that they would pass between vendor and purchaser yet may be held to be removable by a tenant if the right to remove them is expressly reserved in the lease or implied from the circumstances. In such cases, the condemnor is obliged to pay for them on the basis that they are part of the real property being appropriated, but, as between the owner and his tenants, they are the property of the tenant who has retained the right to remove them. Many cases could be cited on these principles which have developed through an evolutionary process. The fixtures must be removable without causing substantial injury to the freehold, although they may be still compensable even though they themselves might be injured in being removed from the building (*Matter of City of New York,* 192 N. Y. 295, *supra*)." The award, however, based on the retail value of the individual trees and shrubs, less the additional price a buyer would pay for the labor of digging up the trees and "balling" them in burlap, is excessive. Despite the State's failure to submit proof of damages, it is not necessarily liable to pay the retail price for every unremoved item of nursery stock. Such an award ignores the usual and ordinary risks endemic to the nursery business, including the growth of some trees to a size or an appearance such as to render them unmarketable or not readily so. The award also ignores the fact that overhead and promotional costs are included in the retail price of nursery stock, but should not be considered as items of damage. Judgment reversed, on the law and the facts, without costs, and case remitted for the sole purpose of taking proof on the question of damages. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.