THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* MOSES ELFENBEIN, APPELLANT.

*Bottling act — the marks of ownership must be inerasable — possession of a bottle with a lithographic label pasted on it.*

Chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888, was designed to protect the owner of bottles and other vessels whose name, mark or device was "branded, stamped, engraved, etched, blown, impressed, or otherwise produced," upon them. Moses Elfenbein, who was convicted of violating this act, had in his possession a bottle used for mineral water, upon which was a lithographic label bearing the name of Anthony Young, who was engaged in the bottling business. There was no stamp or cut on the glass itself, the label being affixed with common paste.

*Held*, that the conviction could not be sustained.

That it was not covered by the expression, "or otherwise produced."

That this phrase must be read in connection with the preceding words, which contemplated that an inerasable mark should be made on the bottle or vessel.

APPEAL by the defendant Moses Elfenbein from a judgment of the Court of Sessions of Erie county, entered in the clerk's office of that county on the 25th day of May, 1892, affirming a judgment rendered in the Police Court of the city of Buffalo, which had convicted Elfenbein of a violation of chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888.

*Emory P. Close*, for the appellant.

*Tracy C. Becker*, for the respondent.

MACOMBER, J.:

The appellant was convicted before the police justice of the city of Buffalo on the 9th day of April, 1892, for violation of the above-mentioned act. This conviction was affirmed on appeal to the Court of Sessions, and from the judgment of the last-named court this appeal is taken.

There was found in the defendant's possession a bottle, like a quart bottle often used for apollinaris water, and it was claimed that the same was a violation of the rights of one Anthony Young, who was engaged in the manufacture, bottling and selling of mineral waters. The name of Anthony Young was upon a label which had been lithographed and pasted on the bottle with common paste. There was no stamp or cut of the name made into the glass itself. The only question, therefore, in this case is whether or not the possession and use of bottles of this kind, with a printed or lithographed label pasted upon them containing the name of the original owner, is a violation of this statute.

The first section of the statute is as follows: " Sec. 1. Any and all persons and corporations engaged in manufacturing, bottling or selling soda waters, mineral or aerated waters, porter, ale, beer, cider, ginger ale, milk, cream, small beer, lager beer, weiss beer, white beer or other beverages  *  *  *  in bottles, syphons, tins or kegs with his, her, its or their name or names, or other marks or devices branded, stamped, engraved, etched, blown, impressed or otherwise produced upon such bottles, syphons, tins or kegs, or the boxes used by him, her, it or them, may file in the office of the clerk of the county in which his, her, its or their principal place of business is situated, and also in the office of the Secretary of State, a description of the

name or names, marks or devices so used by him, her, it or them, respectively, and cause such description to be printed once in each week, for three weeks successively, in a newspaper published in the county in which said notice may have been filed as aforesaid, except that in the city and county of New York, and the city of Brooklyn, in the county of Kings, such publication shall be made for three weeks successively in two daily newspapers published in the cities of New York and Brooklyn respectively."

The second section renders it unlawful for any person to fill such bottles with any of the materials above mentioned, or with other beverages, or with medicines, compounds, or mixtures so marked, or to deface, erase, obliterate, cover up or otherwise remove or conceal any such name, or sell, buy, give, take or otherwise dispose of the same without the written consent of, or unless the same shall have been purchased from, such person or persons.

By the fourth section of the act search warrants may be issued and possession of the property taken which shall be found to be held or used in violation of the act, and such property shall be turned over to the owner thereof.

This conviction cannot be upheld. The statute does not cover the case of printed or lithographed labels. A piece of paper thus pasted upon glass bottles is not, in any sense, branded, stamped, engraved, etched, blown or impressed upon the glass itself. But counsel for the people rest their argument almost exclusively upon the meaning of the following expression: "Or otherwise produced upon such bottles, syphons or kegs or boxes," etc. The meaning of the word "produced," it is argued, is any method of bringing forth to view any matter or thing. This definition, undoubtedly, is correct so far as it goes, but it is not applicable, as it seems to us, when taken in connection with the preceding words of the statute — branded, stamped, engraved, etched, blown, impressed. All of these words are aptly chosen to indicate a permanent and inerasable name or mark upon the bottle, kegs or boxes in which the stuff named is contained. The expression "or otherwise produced upon such bottles, syphons, or kegs or boxes," etc., is not satisfied and the crime against the defendant made out by proving that he pasted the printed or lithographed label upon the particular vessel mentioned. In this instance Young's name was not "produced upon" the bottle. It

had been produced elsewhere and at other times before the same was pasted upon the bottle. The expression " or otherwise pro-duced upon such bottles," etc., relates to the same means of engraving upon the bottles, etc., as the other preceding words indicate, namely, something that is developed out of the surface of the bottle by engraving, etching or blowing, or other like means whereby an inerasable impression is produced.

If this view be correct, whatever may be the other questions con-tained in the case, it follows that the conviction cannot be upheld, and that, consequently, the judgment appealed from should be reversed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment of the Court of Sessions of Erie county appealed from reversed and the defendant discharged.

