PEOPLE ex rel. HUBER v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

TAXATION—STREET IMPROVEMENTS—SPECIAL ASSESSMENTS—GENERAL TAXES—EXEMPTIONS.

    Under Laws 1899, c. 522, § 1, declaring that no proceedings shall be taken, "by installment or otherwise," to collect an assessment for a certain street improvement, in case one-third thereof was paid; and section 5, providing that the deficiency shall be raised partly by general taxes, and partly by taxes levied on the taxable property within a described district,—one who has made the requisite partial payment is nevertheless liable for the payment of taxes levied upon his property for such deficiency.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of Emilie Huber, against Thomas L. Feitner and others, commissioners of taxes and assessments. From a judgment awarding the writ of mandamus, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George S. Coleman, for appellants.
Joseph A. Burr, for respondent.

JENKS, J. The learned special term held that, so far as the tax contained any pro rata part of the deficiency for the expense of the Surf avenue improvement, it is illegal, because the property of the relator is exempted therefrom by chapter 522 of the Laws of 1899. I do not find such exemption expressed in the terms of the act. Section 1 relates to the assessment originally imposed. Section 5 provides that any deficiency arising from the noncollection of such assessment for said improvement shall be met by levying and by raising the same in the general taxes of the city of Brooklyn, to be charged and apportioned one half upon the taxable property in the late town of Gravesend, now the Thirty-First ward of the city of New York, borough of Brooklyn, and the other half upon the taxable property in the said borough. As the statute reads, the taxable property embraces the property the relator owns in such territory subject to taxation. If the legislature had intended to exclude the property of the relator from the purview of section 5, it could readily have expressed such intent by two lines of exclusion. And this need not have been by an expression that exempted the property of an individual, but the property of a class similarly situated. Any legislative intent to exempt such property from the application of section 5 must be found, then, by construction of the statute. The learned counsel for the respondent would so construe it by force of the provision in section 1, hereafter quoted. Section 1, as I have said, relates to the original assessment, and provides for the discharge thereof by partial payment; and as to such act, when done, it provides:

"No further proceedings shall ever be had to levy or to collect any sum on account of the expense of such improvement against such property by installment or otherwise."

The words "or otherwise," in law, when used as a general phrase following an enumeration of particulars, are commonly interpreted in a restricted sense, as referring to such other matters as are kindred to the classes before mentioned. Cent. Dict. The phrase "or otherwise," when following an enumeration, should receive an ejusdem generis interpretation. 17 Am. & Eng. Enc. Law (1st Ed.) 285–288, and cases cited; Corporation of Portsmouth v. Smith, 13 Q. B. Div. 184, 195. In Black v. Canal Co., 22 N. J. Eq. 130, 400, the chancellor said that "the radical meaning of the word 'otherwise' is 'different from that to which it relates.'" See, too, Fellowes v. Clay, 4 Q. B. 313, 340; and, as to the force of "other," Hermance v. Supervisors, 71 N. Y. 481, 487. I think, then, that we appreciate this expression if we read therein the legislative intent that so far as any assessment existed against such property by virtue of the assessment proceedings of 1891, and the subsequent statutes applicable thereto, provided the owner took advantage of the reduction of such assessment, and paid in her one-third, such payment canceled such assessment, and that it could not be collected either in installments, which method had been permitted by the acts of 1892 and 1893, or in any other manner. The collection by installments plainly refers to the original assessment, to which alone this section relates, and the additional words "or otherwise" are to be limited as relating to such assessment. The learned counsel for the respondent argues that there could be no other manner than install-

ments, save by general tax. But the assessments as originally laid did not permit payment by installments, and it is entirely reasonable to infer that the expression "or otherwise" was added in order to complete the expression of an exemption from all liability for such assessment. For when the draftsman wrote "by installments," it was necessary to add some further phrase of exemption; else we would merely have the provision that there could be no further levy or collection by installments. If the statute dealt with this assessment of 1891 alone, there would be much greater force in the respondent's argument. But it has greater scope. The legislature has, in effect, reduced the assessment upon the territory of 1891 to one-third of the original amount, and, as to those who discharged the reduced amount, has freed their property from the original assessment. But it has charged, not discharged, the deficiency. As it has not charged it upon the city, but upon the property in the ward and in the borough, it is not a scheme whereby the whole municipality bears a part of the expense of a local improvement, but whereby that portion is laid partly upon a district defined by ward lines, and partly upon a district defined by borough boundaries. I think, then, that the scheme is based upon the theory of benefits; so far as the property in the original districts is concerned, the measure of the assessment is the exceptional benefits conferred beyond those received by the other property in the ward, and received in lesser degree by the other property in the borough. The improvement is the grading, construction, and improvement of Surf avenue; and the construction of an avenue not only benefits the adjoining or abutting land, but the territory beyond, in that it furnishes communication between separate parts of the ward and separate parts of the borough. If the legislature adjusted such expense upon greater districts than those originally charged, then it must be assumed that they proceeded upon the theory of some benefit thereby conferred upon all of the property therein. The exceptional benefit to the land of the relator, due to its adjoining or abutting upon Surf avenue, did not necessarily exclude or include the more remote benefit that it might receive in common with other property in the Thirty-First ward from the construction of a highway of intercommunication. Exemptions from the general burden are to be strictly construed, and full force may be given to the exemption as expressed in this statute by reading it as relief from the burden of the original assessment.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements. All concur.