(83 App. Div. 152.)

WALLACE v. JONES et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. COUNTY SUPERVISORS—ALLOWANCE OF ILLEGAL CLAIMS—SUIT BY TAXPAYER—MISJOINDER OF CAUSES OF ACTION—SUFFICIENCY OF COMPLAINT.

Laws 1892, p. 620, c. 301, § 1, authorizes an action by a taxpayer against county supervisors for waste or injury consisting in, "by collusion or otherwise," auditing any illegal claim. Laws 1892, p. 1750, c. 686, § 23, allows a county supervisor mileage for once going and returning for each regular and special session. A taxpayer's complaint against a board of supervisors alleged the dates of the commencement and ending of two annual meetings, and that no other annual meetings were held during the period covered, and that a county supervisor illegally charged for each day's attendance at the two meetings, which claim the board allowed. *Held*, that there was a misjoinder of causes of action; the complaint failing to show that the other supervisors acted illegally within the purview of Laws 1892, p. 620, c. 301, § 1.

2. SAME.

Statements in brackets on the copies of the audited bills annexed to the complaint that all the supervisors were present and voting were not equivalent to an allegation of their illegal complicity.

3. SAME.

Laws 1892, p. 1745, c. 686, § 10, provides that a majority of the county board of supervisors shall constitute a quorum. The complaint alleged that one supervisor illegally charged for alleged committee work and for other alleged services, when no such duties were committed to him nor to any committee by the board. *Held* that, as the committee work might have been imposed on him by two of the three members, so that the third member, in allowing the claim, might have believed it legal, no cause of action against the three was shown, under Laws 1892, p. 620, c. 301, § 1.

4. SAME.

The complaint alleged that one supervisor illegally charged for alleged attendance at meetings "when he was not in attendance, or when no meetings were had." *Held* that, as all the charges might have been for occasions when no meetings were held, and yet one of the members might have audited them believing them to refer to meetings when there was a quorum present, though he was absent, no cause of action against the three jointly was shown, under Laws 1892, p. 620, c. 301, § 1.

5. SAME.

Allegations that a county board of supervisors' allowance of claims was fraudulent, or collusive, or in breach of trust, are mere conclusions, and insufficient to sustain a taxpayer's complaint under Laws 1892, p. 620, c. 301, § 1, authorizing a taxpayer's action for the collusive allowance of illegal claims by the board of supervisors.

Appeal from Special Term, Nassau County.

Action by George Wallace against William H. Jones and others. From an interlocutory judgment in favor of defendants sustaining separate demurrers to the complaint, plaintiff appeals. Affirmed.

The plaintiff sues as a taxpayer of Nassau county to have the three defendants, who compose the board of supervisors of the county, adjudged personally liable for the sum of $3,150.61, being the amount of certain audits made by the board, which are alleged to be illegal. The first cause of action, as exhibited in the complaint, is as follows:

"(1) That plaintiff is a freeholder residing in the county of Nassau and state of New York, and the owner of real estate in said county on which he

¶ 5. See Fraud, vol. 23, Cent. Dig. § 37; Pleading, vol. 39, Cent. Dig. § 28½.

has paid taxes within the past year, the assessment on which was over the sum of $1,000; that he sues for himself and on behalf of the other taxpayers in the county; that the defendants, Jones, Cox, and Willets, constitute the board of supervisors of said county, the said Jones and Cox having been such supervisors since January 1, 1899, and the said Willets since July 1, 1900.

"(2) On information and belief, that the defendant William H. Jones at three different times since July 1, 1900, presented claims against the said county of Nassau to be audited by the board of supervisors of said county for compensation claimed for his alleged services, mileage, and disbursements as supervisor for the period of time extending from January 1, 1900, to April 1, 1901; that said claims contained various illegal charges against said county, and were audited and allowed by said board of supervisors; that such illegal charges are specifically shown in Exhibit A, which is annexed hereto, and said Exhibit A and the allegations therein contained form a part of this complaint, and column (1) of said exhibit consists of copies of bills so presented and audited, and the added columns (a), (b), and (c) specifically point out the illegal charges in the various items of claims so presented; and plaintiff further alleges as follows, to wit:

"(a) That an annual meeting of said board commenced April 11, 1899, and continued to March 30, 1900; that the next annual meeting commenced April 10, 1900, and continued to April 1, 1901, and no other annual meetings were held during the period covered by said claims; that said defendant Jones illegally charged for mileage for each day's attendance at the said two annual meetings of the board, making illegal overcharges for mileage against the county amounting to $152.80, as shown by said column (a) in said Exhibit A; that the amounts specified in said column (a) in said Exhibit A are charges for mileage for more than 'once going and returning' from said defendant's residence to the place where sessions of the board were held at said two annual meetings, he having charged for thirty miles' travel at eight cents per mile, viz., $2.40 mileage for each day's attendance at said annual meetings.

"(b) That said defendant Jones illegally charged $4 a day and disbursements for alleged committee work and for other alleged services, when no such duties were committed to him nor to any committee by the board; the illegal charges thus made amounting to $1,942.67, as shown in column (b) in said Exhibit A.

"(c) That said defendant Jones also illegally charged $4 a day and mileage for alleged attendance at meetings of the board, when he was not in attendance, or when no meetings were held; the illegal charges thus made amounting to $102.40, as shown in column (c) in said Exhibit A.

"(d) That such illegal bills amounted in all to $2,197.87, as shown by said Exhibit A, and were so audited and allowed by said board of supervisors as follows: The first on July 23, 1900, the second on November 22, 1900, and the third on May 3, 1901, as shown by said Exhibit A. Further, that all of the defendants were in attendance and voted as supervisors at each meeting of said board, and in favor of the audit thereof, when each of said claims was so audited and allowed; and that the illegal charges so audited and allowed by said supervisors were afterwards paid out of county funds to the defendant Jones, or to his assigns, pursuant to such audit, and before the commencement of this action.

"(3) On information and belief that the said defendant Jones knew when presenting said claims that the sums claimed were in excess of the fees allowed to him by law, and that such claims were collusively audited and allowed by said board to aid said defendant in having such illegal fees paid from the funds of the county; that the said auditing and allowing of said claims in favor of the defendant Jones was a breach of trust and duty on the part of the defendants, and said acts of the defendants were fraudulent as against the plaintiff and other taxpayers of the said county of Nassau."

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Thos. Young (George Wallace, on the brief), for appellant.

Fred. Ingraham (Henry A. Monfort, on the brief), for respondents.

JENKS, J. This is an appeal from an interlocutory judgment sustaining the separate demurrers of the defendants. I think that the judgment must be affirmed on the ground that the first cause of action does not state facts sufficient to constitute a cause of action against the defendants Cox and Willets, that the second cause of action fails in like respect as to Jones and Willets, and that the third cause of action fails in like respect as to Cox and Jones. I shall state the reasons for my conclusion as to the first cause of action, which are alike applicable to the second and third causes of action, mutatis mutandis.

The first cause of action is well pleaded against Jones, but no facts are stated therein which show, or permit an implication of facts which show, that the other defendants acted within the purview of the taxpayers' act (chapter 301, p. 620, Laws 1892). If Mr. Jones presented his own fraudulent or illegal bills, that does not establish that an audit thereof by the board of which he was a member was "collusive or otherwise." The word "otherwise," as used in the statute, "by collusion or otherwise contracting, auditing," etc., is to be interpreted by the rule of ejusdem generis. Penfold v. Universal Life Insurance Co., 85 N. Y. 317, 39 Am. Rep. 660; People v. Elfenbein, 65 Hun, 434, 20 N. Y. Supp. 364; Whelen's Appeal, 70 Pa. 410, 429; The State v. Kelly, 32 Ohio St. 421, 429; Endlich on Construction of Statutes, § 407. It does not mean any audit, but an audit due to some sinister or improper motive, and in violation of the public trust. The first allegation is that the annual meeting commenced April 11, 1899, and continued to March 30, 1900; that the next annual meeting commenced April 10, 1900, and continued to April 1, 1901, and no other annual meetings were held during the period covered by said claims; that said defendant Jones illegally charged for mileage for each day's attendance at the said two annual meetings of the board. I take it that the illegally charged mileage is a violation of section 23 of the county law (Laws 1892, p. 1750, c. 686). The demurrer may be held to admit that Jones charged a daily mileage, and that the board audited such charges. But there is no allegation that both of the defendants, as members of the board, audited such charges. The mere statement in brackets on the copies of the bills annexed to the complaint that all of the supervisors were present and voting cannot be held as equivalent to such an allegation.

The second allegation—that Mr. Jones presented a bill for committee work or for other alleged services when no such duties were committed to him or to any committee by the board, which was audited by the board—would warrant the conclusion that the pleader intended to charge that Jones and one of the defendants, either Cox or Willets, audited a bill for which they must have known there was no legal basis, but not that all three did this thing, for the reason that two members of the board constitute a quorum (chapter 686, p. 1745, § 10, Laws 1892), and therefore one of the two defendants other than Jones may have supposed that the work done by Jones was authorized at a meeting when he was absent. As to the allegation that the defendant Jones illegally charged $4 a day for alleged attendance "at the meetings when he was not in attendance or when

no meetings were held," it may be said: He (Jones) may have made illegal charges for meetings when no meetings were held, and yet one of the other two defendants may have audited the charge believing that it referred to meetings when there was a quorum present although he was absent. If there was a direct allegation that Jones made a charge when he was not in attendance, then it might be contended that both of the other defendants must have known of the fact, because, Jones being absent, the other two must have been present to constitute a quorum; but the allegation is simply an alternative, as I have shown. The allegations that the acts were fraudulent or collusive or in breach of trust are conclusions, and are not averments of issuable facts. Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 387, 54 N. E. 1081; Wood v. Amory, 105 N. Y. 278, 11 N. E. 636; Barhite v. Home Telephone Co., 50 App. Div. 25, 63 N. Y. Supp. 659.

The judgment should be affirmed, with costs. All concur, except HOOKER, J., not voting.