(85 Misc. Rep. 603)

### GOODALE v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. May, 1914.)

1. MUNICIPAL CORPORATIONS (§ 299*)—WIDENING OF STREETS—BOARD OF ESTIMATE AND APPORTIONMENT—ADVANTAGES PROPER TO CONSIDER.

It was proper for the board of estimate and apportionment, in determining whether a street should be widened, to consider the legitimate advantage to be derived by the city from the fact that the street as improved would be available as a subway route, and that the city would be relieved of the expense of acquiring easements for subway purposes.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 800; Dec. Dig. § 299.*]

2. MUNICIPAL CORPORATIONS (§ 465*)—WIDENING OF STREETS—OBJECTION TO ASSESSMENT.

The scheme of assessment adopted by the board of estimate and apportionment to meet the expense of a street improvement, which scheme made the boroughs affected liable for a certain percentage thereof, was not objectionable because made to prevent an increase of the city's indebtedness through the issuance of corporate stock, since it was merely a means of raising the money to be included in the annual budget each year, pursuant to the Greater New York Charter (Laws 1901, c. 466) § 206, and collected in the form of taxes from the city at large; the legal effect being the same whether the city borrowed money, and thereafter collected it in the form of a tax, or simply raised it in the first instance by taxation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1108; Dec. Dig. § 465.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EVIDENCE (§ 83*)—PRESUMPTIONS—OFFICIAL PROCEEDINGS.

The action of the board of estimate and apportionment in apportioning the benefits from the widening of a street will be presumed to have been taken after fair and impartial consideration and with due regard for the legal rights of all affected thereby.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

4. MUNICIPAL CORPORATIONS (§ 465*)—STREET IMPROVEMENTS—ASSESSMENTS—VALIDITY.

A scheme of assessment for street improvements, based on Laws 1911, c. 679, amending the Greater New York Charter (Laws 1901, c. 466), is not unconstitutional because it assigns a definite portion of the improvement to be paid proportionately to the assessed value of the real property of certain boroughs and assigns another portion to be paid by the owners of property peculiarly and directly benefited by the improvement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1108; Dec. Dig. § 465.*]

5. MUNICIPAL CORPORATIONS (§ 465*)—STREET IMPROVEMENTS—ASSESSMENT—VALIDITY.

That an apportionment of the cost of street improvements is based in part on the assessed valuation of the property in the several boroughs affected, and that the property assessed for special benefit will also be compelled to pay the borough tax, does not render unconstitutional a scheme of assessment based on Laws of 1911, c. 679, amending the Greater New York Charter (Laws 1901, c. 466).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1108; Dec. Dig. § 465.*]

Action by Wilbur C. Goodale against the City of New York and others. Complaint dismissed.

Walter F. Peacock and Hartwell P. Heath, both of New York City, for plaintiff.

Archibald R. Watson, Corp. Counsel, of New York City (L. Howell La Motte, of New York City, of counsel), for defendants.

GREENBAUM, J. This is a taxpayer's action brought under section 51 of the General Municipal Law (Consol. Laws, c. 24). It proceeds upon the assumption that the scheme of assessment for raising the moneys to defray the cost of extending Seventh avenue and widening Varick street is illegal, and seeks to have declared as unconstitutional and violative of the fourteenth amendment of the Constitution of the United States the act known as chapter 679 of the Laws of 1911, amending the Greater New York Charter; the resolutions of the board of estimate and apportionment, and the proceedings thereunder taken in connection with the aforementioned improvement, and to enjoin the defendants from taking any steps in the matter of assessing the property in the districts designated "A" and "B" pursuant to such resolutions, and to restrain the comptroller from issuing any certificates or other evidences of indebtedness of the city to meet the expenditures of such improvement. Under the scheme of apportionment adopted by the board the expense of the improvement is to be assessed as follows: Twelve per cent. upon district A, comprising property having an immediate frontage on the widened and extended street; 33 per cent. upon district B, including property specially benefited, but excluding

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

property covered by district A; 40 per cent. upon the borough of Manhattan, 11 per cent. upon the borough of Brooklyn, and 4 per cent. upon the borough of The Bronx, it being provided that the percentage assessed upon the boroughs be levied and collected with the taxes on real estate in said boroughs. The plaintiff claims that the board of estimate and apportionment were actuated by improper motives and considerations in adopting the scheme of assessment, and also that the plan of apportionment of the expense of the improvement is illegal, arbitrary, and unequal. At the outset it should be observed that there is not a particle of evidence that the scheme of assessment is unfair, that the percentage assessed by way of special benefit is greater than should justly be borne by the property within the special assessment districts, or that the percentage of the cost assessed on the three boroughs is in fact excessive or unequal.

[1] It is urged that the board of estimate and apportionment in adopting the scheme of improvement were improperly influenced by the consideration of the availability of Seventh avenue as a subway route, and that the city would be relieved of the expense of acquiring easements for subway purposes. It was entirely proper that the board, in determining whether the improvement be made, should consider the legitimate advantage thus to be secured.

[2] Again, the claim is made that the assessment upon the boroughs was made for the purpose of preventing an increase in the city's indebtedness through the issuance of corporate stock. But this is simply a means of raising the money. If the corporate stock had been issued, its redemption would have had to be provided for through the sinking fund. This money would be included in the annual budget each year, and collected in the form of taxes from the city at large. Greater New York Charter, § 206. So that whether the city borrows the money and thereafter collects it in the form of a tax, or simply raises it in the first instance by taxation, the legal effect is the same.

[3] The further claim that the investigation made with regard to the benefits was largely theoretical, and was not based upon actual benefits, is without any evidence to support it. It must be assumed—at least in the absence of evidence showing that the scheme operated unequally or oppressively—that it was adopted after fair and impartial consideration, and with due regard for the legal rights of all affected thereby.

[4] The contention of the learned counsel for the plaintiff that chapter 679 of the Laws of 1911 and the scheme of assessment based thereon are unconstitutional rests mainly upon the distinction to be observed between an assessment which is levied for a benefit received and a tax which is imposed to meet the necessary cost of carrying on the city government, asserting that "it is not fair to take a definite portion of the cost of the improvement and assign it to be paid proportionately to the assessed values" of the real property of certain boroughs when another portion is to be paid by owners of property peculiarly and directly benefited by the said improvement. In French v. Barber Asphalt Paving Co., 181 U. S. 324, 343, 344, 21 Sup. Ct. 625, 632 (45 L. Ed. 879), cited with approval in People ex rel. Scott v. Pitt, infra, it is said:

"The major part of the cost of a local work is sometimes collected by general tax, while a smaller portion is levied upon the estates specially benefited. "The major part is sometimes assessed on estates benefited, while the general public is taxed a smaller portion in consideration of a smaller participation in the benefits. The whole cost in other cases is levied on lands in the immediate vicinity of the work. In a constitutional point of view, either of these methods is admissible, and one may sometimes be just and another at other times. In other cases it may be deemed reasonable to make the whole cost a general charge, and levy no special assessment whatever. The question is legislative, and, like all legislative questions, may be decided erroneously; but it is reasonable to expect that, with such latitude of choice, the tax will be more just and equal than it would be were the Legislature required to levy it by one inflexible and arbitrary rule.' Cooley, Taxation, 447. 'The courts are very generally agreed that the authority to require the property specially benefited to bear the expense of local improvements is a branch of the taxing power, or included within it. * * * Whether the expense of making such improvements shall be paid out of the general treasury, or be assessed upon the abutting or other property specially benefited, and, if in the latter mode, whether the assessment shall be upon all property found to be benefited, or alone upon the abutters, according to frontage or according to the area of their lots, is, according to the present weight of authority, considered to be a question of legislative expediency." Dillon, Mun. Corp. (4th Ed.) vol. 2, § 752.

The plaintiff relies specially upon Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. In French v. Barber Asphalt Paving Co., supra, the court, in referring to the Norwood Case, said:

"That was a case whereby a village ordinance, apparently aimed at a single person, a portion of whose property was condemned for a street, the entire cost of opening the street, including not only the full amount paid for the strip condemned, but the costs and expenses of the condemnation proceedings, was thrown upon the abutting property of the person whose land was condemned. This appeared, both to the court below and to a majority of the judges of this court, to be an abuse of the law, an act of confiscation, and not a valid exercise of the taxing power."

It is clear, therefore, that this case is not an authority in support of plaintiff's contention.

[5] Nor does the fact that the principle of apportionment may be based in part upon the assessed valuation of the property in the several boroughs, and that the property assessed for special benefit will also be compelled to pay the borough tax, render the scheme of assessment open to constitutional objection. People ex rel. Scott v. Pitt, 169 N. Y. 521, 526, 62 N. E. 662, 58 L. R. A. 372; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 176, 17 Sup. Ct. 56, 41 L. Ed. 369; People ex rel. Huber v. Feitner, 71 App. Div. 479, 75 N. Y. Supp. 738; Jelliff v. City of Newark, 48 N. J. Law, 101, 2 Atl. 627. It follows that the scheme of assessment is in all respects valid; that there is no constitutional objection to chapter 679 of the Laws of 1911, and that the complaint must be dismissed upon the merits, with costs.

Ordered accordingly.