(87 Misc. Rep. 425)

DALY v. HAIGHT, Town Supervisor, et al.

(Supreme Court, Special Term, Westchester County. November 5, 1914.)

1. TOWNS (§ 46*)—TOWN OFFICERS—EMPLOYMENT OF PERSON TO PERFORM DUTIES OF OFFICER.

The employment by a town board of a person to perform services usually performed by regularly elected town officers was illegal, though the town board acted in good faith, believing that the employment was legal, and though such person incidentally acted as janitor in attending to fires and keeping the town clerk's office clean; and payment for such services by the supervisor was unlawful, and rendered the supervisor and the person so employed liable for the amount of the payments, as no town officer has a right to employ an assistant at the expense of the town to do any part of the work devolving upon him by virtue of his office, nor has the town board the right to employ such person at the expense of the town.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 81–84; Dec. Dig. § 46.*]

2. TOWNS (§ 62*)—TOWN OFFICERS—EMPLOYMENT OF PERSON TO PERFORM DUTIES OF OFFICER.

That claims against a town in favor of a person illegally employed by the town board to perform services usually performed by regularly elected town officers were audited by the board of auditors did not defeat the liability of such person and of the supervisor who paid him for such services to repay the amounts paid, especially where they were not audited until after the payments were made.

[Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 105–109; Dec. Dig. § 62.*]

Action by Michael Daly against Joseph Haight, as Supervisor of the Town of Rye, and another. Judgment for plaintiff.

See, also, 163 App. Div. 239; 148 N. Y. Supp. 46.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

R. E. & A. J. Prime, of Yonkers, for plaintiff.
Strang & Taylor, of White Plains, for defendant Spencer.
Henry C. Henderson, of New York City, for defendant Haight.

TOMPKINS, J. [1] I am perfectly satisfied, by the proofs, that there was no intentional wrong by either of the defendants. The employment of Mr. Spencer, by the town board, and the payments made to him by the defendant Haight under such employment, were in good faith, and no doubt with the belief on the part of the town board and Supervisor Haight that the employment of Spencer was legal; but I am constrained to find that such employment was illegal, and that the payments made thereunder by the defendant Haight were improperly and illegally made, and that thereby the moneys of the town were unlawfully used, and that the defendant Haight, who paid the moneys, and the defendant Spencer, who received them, are both liable in this action.

Under section 93 of the Town Law (Consol. Laws, c. 62), the town clerk may appoint a deputy, but must himself pay for his services. No charge can be made against the town for such services. Any charge against the town that is not authorized by statute is illegal. Rockefeller v. Taylor, 69 App. Div. 176, 74 N. Y. Supp. 812.

No town officer has a right to employ an assistant at the expense of the town, to do the whole or any part of the work which devolves upon him by virtue of his office, and for which he is compensated as such town officer; nor has the town board a right to employ any person at the expense of the town to do the work of any town officer.

The services rendered by Spencer were of the character usually performed by regularly elected town officers. It is true he claims that to some extent he acted as a janitor, in attending to the fires and keeping the town clerk's office clean; but that was not the primary purpose of his appointment, and it appears that payments were made to others from time to time for cleaning and janitor work.

The following authorities seem to support the conclusion which I have reached, that the payments were unauthorized and illegal: Peck v. Belknap, 130 N. Y. 394, 29 N. E. 977; Annis v. McNulty, 51 Misc. Rep. 121, 100 N. Y. Supp. 951; Wakefield v. Brophy, 67 Misc. Rep. 298, 122 N. Y. Supp. 632; People ex rel. Anderson v. Snedeker, 166 N. Y. St. Rep. 765, 75 Misc. Rep. 194, 132 N. Y. Supp. 765. The last-named case involved the appointment of a clerk to the board of assessors of the town of White Plains. It was held that the appointment was illegal, because unauthorized by the Town Law, and that the appointee was not entitled to recover for services rendered under such appointment, although there was no question as to his having been appointed, or having rendered the services or as to the value of such service.

[2] The fact that the claims were audited by the board of auditors does not help the defendants. They were not audited, as a rule, until after the payments were made. It seems to have been the custom of Supervisor Haight to make the payments to Spencer from month to month, without an audit. In the case of People of the State of New York v. Sutherland, 207 N. Y. 22, 100 N. E. 440, the Court of Appeals held that the defendant, who had been county clerk of Westchester

county, was liable for moneys received by him as fees while acting as county clerk, even though there was no allegation or proof of fraud or collusion, and where the evidence clearly showed that the defendant acted in good faith, and even after such items had been regularly audited.

Judgment for the plaintiff for the sum of $2,413, with interest, and the costs and disbursements of this action.