### DALY v. HAIGHT et al.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

Towns &#9810;31—Taxpayer's Action—Grounds—Statute—"Waste or Injury"—"Collusion"—"Default."

General Municipal Law (Consol. Laws, c. 24) § 51, authorizes a taxpayer's action to prevent any illegal official act, or to prevent waste or injury, or to restore funds, etc., providing that, in case the waste or injury complained of consists in any officer in any town, by collusion or otherwise, contracting, auditing, allowing, paying, or conniving at the contracting, audit, allowance, or payment of any fraudulent, illegal, unjust, or inequitable claims, demands, or expenses against any such town, or by permitting judgment to be recovered against such town or himself in his official capacity, either by default or without the interposition of defenses, the court shall enforce restitution, and may in its discretion adjudge or declare the colluding or defaulting official personally responsible. A township passed a resolution for the appointment of an assistant in the town rooms, to give the supervisor, receiver of taxes, and town clerk such assistance as they might need, the expense to become a town charge. Such assistant did the work required of him, and the township supervisor, upon rendition of bills for the services, paid them by official checks in good faith, under a claim of right, and without collusion; the assistant receiving the money in good faith. *Held*, that a taxpayer's action would not lie to hold the supervisor personally responsible for the payments, since the statute affords a remedy only against acts done without power or tainted with fraud—the term "waste or injury" including only an illegal, wrongful, or dishonest act; "collusion," as used in the statute, meaning fraudulently concerted; and "default" meaning not doing what is reasonable under the circumstances, not doing something that one should do, having regard to the relations occupied toward other persons interested.

[Ed. Note.—For other cases, see Towns, Cent. Dig. § 55; Dec. Dig. &#9810;31.

For other definitions, see Words and Phrases, First and Second Series, Collusion; Injury; Waste; Default.]

Appeal from Special Term, Westchester County.

Action by Michael Daly against Joseph Haight, individually and as Supervisor of the Town of Rye, and another. Judgment for plaintiff

&#9810;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(87 Misc. Rep. 425, 149 N. Y. Supp. 940), and defendants appeal. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Henry C. Henderson, of New York City, for appellant Haight.
Arthur I. Strang, of White Plains, for appellant Spencer.
W. C. Prime, of New York City, for respondent.

JENKS, P. J. This is a taxpayer's action, brought pursuant to section 51 of the General Municipal Law, against Haight and Spencer to recover money paid by Haight, as supervisor of the town of Rye, to Spencer. The defendants appeal from the judgment of the Special Term against them.

In 1902, the town board of Rye passed a resolution that Spencer be appointed an assistant in the town rooms to attend to the public in general, and to give the supervisor, receiver of taxes, and town clerk such assistance as they may need; the appointment to be at the pleasure of the town board and the expense to become a town charge. At that time there was a large amount of unpaid taxes due and owing to the town, and the records thereof were in confusion. Spencer went to work in the said month, and did the work required of him until March, 1912. His weekly pay, at first $10, was increased in 1910 to $18. Haight, elected supervisor in November, 1909, entered upon his office in the ensuing January, and discharged it until some time after March, 1912. From time to time Spencer rendered bills for his services, and Haight paid them by official checks. At the end of each fiscal year the bills were delivered to and filed with the board of town auditors, and the aggregate was included in the schedule or abstract of accounts made by the town board of auditors pursuant to section 155 of the Town Law (Consol. Laws, c. 62), signed by the members of the board of audit.

The court found that the payments were made under a claim of right and under neither misapprehension nor mistake of fact; that Spencer did the work required of him under the resolution and required of him by the town board; that such work was reasonably worth the sums paid therefor; that there was no collusion upon the part of Spencer with Haight or with any other person; that Haight made the payments in good faith, and that Spencer received them in good faith. It also found that all of the moneys so paid were paid before this action was begun, and that Haight did not receive any of the moneys sought to be recovered in this action.

The court said in its opinion that it was perfectly satisfied by the proofs that there was no intentional wrongdoing by either of the defendants, that the employment of Spencer by the town board and the payments made to him by Haight were in good faith, and no doubt with the belief on the part of the town board and of Haight that the employment of Spencer was legal. But the court concluded that the resolution of employment was illegal and without authority and void, that the said payments were illegal and not valid claims against the

town, that the approval of the auditors was illegal, void, and without authority of law, whereby there was diversion and waste.

We think that the judgment must be reversed. This and similar statutes (Brill v. Miller, 140 App. Div. at page 605, 125 N. Y. Supp. 865) clothe the individual taxpayer with peculiar rights (Hearst v. McClellan, 102 App. Div. 336, 92 N. Y. Supp. 484). The remedy afforded is against acts done without power, or tainted with corruption, fraud, or bad faith amounting to fraud. Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Ziegler v. Chapin, 126 N. Y. 342, 27 N. E. 471; Hearst v. McClellan, supra. The statute authorizes an action "to prevent any illegal official act, * * * or to prevent waste or injury, * * * or to restore and make good, any property, funds or estate," etc. The term "waste or injury," thus used, includes only illegal, wrongful, or dishonest acts. Hearst v. McClellan, supra, at page 340 of 102 App. Div., 92 N. Y. Supp. 484. The said section 51 provides more specifically:

"In case the waste or injury complained of consists in any board, officer or agent in any county, town, village or municipal corporation, by collusion or otherwise, contracting, auditing, allowing or paying, or conniving at the contracting, audit, allowance or payment of any fraudulent, illegal, unjust or inequitable claims, demands or expenses, or any item or part thereof against or by such county, town, village or municipal corporation, or by permitting a judgment to be recovered against such county, town, village or municipal corporation, or against himself in his official capacity, either by default or without the interposition and proper presentation of any existing legal or equitable defenses, or by any such officer or agent, retaining or failing to pay over to the proper authorities any funds or property of any county, town, village or municipal corporation, after he shall have ceased to be such officer or agent, the court may, in its discretion, prohibit the payment or collection of any such claims, demands, expenses or judgments, in whole or in part, and shall enforce the restitution and recovery thereof if heretofore or hereafter paid, collected or retained by the person or party heretofore or hereafter receiving or retaining the same, and also may, in its discretion, adjudge and declare the colluding or defaulting official personally responsible therefor, and out of his property, and that of his bondsmen, if any, provide for the collection or repayment thereof, so as to indemnify and save harmless the said county, town, village or municipal corporation from a part or the whole thereof; and in case of a judgment, the court may, in its discretion, vacate, set aside and open said judgment, with leave and direction for the defendant therein to interpose and enforce any existing legal or equitable defense therein, under the direction of such person as the court may, in its judgment or order, designate and appoint."

It is to be noted that it is not "in case" the waste or injury consists of paying any fraudulent, illegal, unjust, and inequitable claim, but it is the waste or injury "by collusion or otherwise." We can neither excise these words nor disregard them; we must consider and appreciate them, and seek the legislative purpose and effect by means of the use of them. People v. McGloin, 91 N. Y. at page 250; Benton v. Wickwire, 54 N. Y. at page 228; Allen v. Stevens, 161 N. Y. at page 145, 55 N. E. 568. "Collusion," as used in the statute, means "fraudulently concerted." Wallace v. Jones, 182 N. Y. 37, 74 N. E. 576; Dickerman v. Northern Trust Co., 176 U. S. at page 190, 20 Sup. Ct. 311, 44 L. Ed. 423. In Wallace v. Jones, 83 App. Div. 152, 82 N. Y. Supp. 449, where a similar statute was considered, we said

"The word 'otherwise,' as used in the statute, 'by collusion or otherwise, contracting, auditing,' etc., is to be interpreted by the rule of ejusdem generis. Penfold v. Universal Life Insurance Co., 85 N. Y. 317 [39 Am. Rep. 660]; People v. Elfenbein, 65 Hun, 434 [20 N. Y. Supp. 364]; Whelen's Appeal, 70 Pa. 410, 429; State v. Kelly, 32 Ohio St. 421, 429; Endl. Interp. Stat. § 407. It does not mean any audit, but an audit due to some sinister or improper motive and in violation of the public trust."

The word " 'otherwise' in law, when used as a general phrase following an enumeration of particulars, is commonly interpreted in a restricted sense, as referring to such other matters as are kindred to the classes before mentioned." Cent. Dict., adopted in Words and Phrases Judicially Defined, first series, p. 5105. And see Ham v. State of Missouri, 18 How. [U. S.] at page 133, 15 L. Ed. 334; Lewis v. Smith, 9 N. Y. at page 502, 61 Am. Dec. 706; Sims v. U. S. Trust Co. of New York, 103 N. Y. at page 478, 9 N. E. 605; Commonwealth v. Rice, 9 Metc. (Mass.) 253–258.

As to the application of the rule of ejusdem generis to the words "or otherwise," used in connection with the word "collusion," we cite also United States v. Bettilini, 1 Woods Rep. (U. S. Cir. Courts) at page 659, Fed. Cas. No. 14,587; Foeller v. Voight (5 Am. Law Rec. 1). If we interpret this word "otherwise" so that this phrase means "by collusion or in any other way or manner," we deny the application of the rule of ejusdem generis to the word "otherwise," to conclude that the Legislature in the same breath, after express limitation by the words "by collusion," nullified that limitation. No good reason appears for any circumlocution, or for any qualification, if the legislative purpose was to cast absolute liability.

Further, the same paragraph of the statute reads that the court may in its discretion adjudge and declare "the colluding or defaulting official personally responsible." "Colluding" is referable to the foregoing phrase "by collusion," and "defaulting," we think, is likewise referable to the misconduct expressed in the foregoing words of the paragraph:

"Or by permitting a judgment to be recovered * * * either by default or without the interposition and proper presentation of any existing legal or equitable defenses, or by any such officer or agent, retaining or failing to pay over * * * any funds or property."

True, it has been said that default may mean anything wrongful. Davis v. Silverman, 98 App. Div. 305, 90 N. Y. Supp. 589. And in Doe ex rel. Dacre v. Dacre, 1 B. & P. 250–258, Eyre, C. J., said:

"I do not know a larger or looser word than 'default.' "

But we do not agree with the construction of this word "defaulting" as referring to any official who fails to perform his whole duty," made by the Special Term in Annis v. McNulty, 51 Misc. Rep. at pages 129, 130, 100 N. Y. Supp. 951. In Re Young and Harston's Contract, 31 Ch. Div. at page 174, Bowen, L. J., said of the word "default":

"It means nothing more, nothing less, than not doing what is reasonable under the circumstances—not doing something which you ought to do, having regard to the relations which you occupy towards the other persons interested in the transaction."

Applying this principle to the case in hand, "the colluding or de-- faulting official" (for the qualification is "the," not "a" or "any," thus specifying or particularizing him theretofore mentioned) described is either he who has worked the waste or injury "by collusion or otherwise," or by permitting the recovery of the wrongful judgment, or by retaining or failing to pay over any funds. Default has, of course, a well-recognized meaning as to any omission or neglect to plead or to appear. Anderson's Law Dict.; Bouvier's Law Dict.; Forgotson v. Becker, 39 Misc. Rep. 813, 81 N. Y. Supp. 321. And it is broad enough to cover the withholding or failure to pay over public funds. In fine, it is not a mere failure of the official to perform the whole duty, but his specific shortcomings theretofore described in the said paragraph, which are within the purview of the expression "the colluding or defaulting official."

This statute and those like unto it do not afford the sole remedy for official wrongdoing. They provide the remedies available by a *taxpayer*. He may prevent any illegal official act or prevent waste or injury. Or he may have restored or have made good the property funds or estate. But it is only when the waste or injury is by collusion or otherwise, or by the default in permitting a wrongful judgment, or by retention or failing to pay over any public funds or property, that the court shall enforce the restitution and recovery, and also, in its discretion, declare the official responsible financially therefor. Such features do not appear in the case at bar; indeed, the Special Term has found affirmatively that they do not.

Moreover, in Wallace v. Jones, 195 N. Y. 511, 88 N. E. 1134, the court affirmed s. c., 122 App. Div. 497, 107 N. Y. Supp. 288, on the ground that:

"The money having been paid before the action was commenced, no action for its recovery against the defendants jointly could be maintained, unless on proof of collusion on the part of those defendants who did not receive the money."

In view of the findings heretofore stated, this decision is directly in point. People v. Sutherland, 207 N. Y. 22, 100 N. E. 440, cited as authority by the learned Special Term, was brought under a different statute (section 1969 of the Code of Civil Procedure) and by the Attorney General. These circumstances constitute its discrimination from the case at bar.

The judgment is reversed, and new trial granted; costs to abide the final award of costs. All concur.