Guy James Mangano, J.
Plaintiffs, as trustees of a vacation plan created pursuant to an agreement and declaration of trust entered into between District 2, Marine Engineers Beneficial Association AFL-CIO and various employers, have brought this action for judgment declaring that the plan and the fund established by the plan are not covered by article III-A of the State Insurance Law dealing with ‘ ‘ Employee Welfare Funds ’ ’, and that the plaintiff trustees are not required to register the fund under said article of the Insurance Law; and, further, to restrain and enjoin the defendant Superintendent of Insurance from compelling such registration and from applying against plaintiffs the remedies,and sanctions prescribed in article III-A (§ 37-l) for failure to comply therewith.
Defendant, who has interposed an answer containing a separate defense alleging that article III-A covers the plan and is constitutional and that it is not pre-empted by Federal law, now moves for summary judgment.
The basic issue here, which is one of law, is whether the fund established by the vacation plan here involved is an “ employee welfare fund ” within the meaning and purview of article III-A of the Insurance Law, and more specifically, of section 37-a contained in said article, which defines this term. If it is, then the fund must be registered as provided in section 37-b of the statute.
Section 37-a, insofar as it is involved in the disposition of the issue presented by this motion, provides, in subdivision 1, that the term “ employee welfare fund ”, as used in article III-A, shall mean 11 any trust fund or other fund established or maintained * * # to provide employee benefits, by the purchase of insurance or annuity contracts or otherwise (Emphasis supplied.) Subdivision 2 of section 37-a defines “ employee benefits ”, as used in the article, to mean “ one or more benefits or services for employees or their families or dependents, or for both, including, but not limited to, medical, surgical or hospital care or benefits, benefits in the event of sickness, accident, disability or death, benefits in the event of unemployment, or retirement benefits.”
The court, in ascertaining the intent of the Legislature with respect to the scope of the language employed in section 37-a of article III-A of the Insurance Law, as hereinabove qxxoted, finds that the general phrase ‘ ‘ or otherwise ’ ’, as used in subdivision 1 of said section, immediately following, as it does, the words “ by the purchase of insurance or annuity contracts ”, is to be interpreted in a restricted sense as referiing to such other matters as are of the same general kind or character as those specifically mentioned (Daly v. Haight, 170 App. Div. 469, affd. 224 *382 N. Y. 726; People ex rel. Huber v. Feitner, 71 App. Div. 479, affd. 171 N. Y. 683).
Similarly, while subdivision 2 of section 37-a by its language encompasses benefits other than those specifically mentioned therein, it does not follow that all obligations assumed by employers, which can loosely or broadly be termed benefits to employees, come within the scope of that subdivision. If such a general application of the term ‘ ‘ employee benefits ’ ’ had been intended by the Legislature, appropriate language explicitly manifesting such intention could have conveniently been employed, without the need to mention specifically various employee benefits as coming within the definition of “ employee benefits ”. In specifying certain benefits as being embraced in the statute, the Legislature obviously intended to restrict the application of the statute to benefits similar to those specifically enumerated.
When read in the light of the foregoing construction of the provisions of section 37-a of the Insurance Law, it is clear that the agreement and declaration of trust involved in this case did not establish a plan and a fund which come within the scope of that section. The fund which was established pursuant to the agreement, and the “ benefits ’ ’ payable to employees therefrom, are by the terms of the agreement derived not from the purchase of insurance or annuity contracts or through any similar arrangement or source, but from a completely dissimilar source, namely, contributions levied on employers.
Moreover, payments made to employees out of this fund, while designated in the agreement as ‘ ‘ benefits ’ ’, are in fact vacation payments and are so defined in article I, paragraph 5, of the agreement. See also article II, paragraph 3, of the agreement, which declares that the purpose of the fund is to provide vacations with pay for employees. It is manifest that such 1 ‘ payments ’ ’ constitute ‘1 benefits ” of a type which bears no relationship in kind to the benefits expressly covered in subdivision 2 of section 37-a of the Insurance Law.
There can be no doubt that a fund consisting of pooled wages to be paid employees for services rendered would not qualify as an employee welfare fund within the meaning of section 37-a of the Insurance Law. Vacation payments are not to be regarded differently, since they constitute additional earnings and are not deemed to be gratuities (33 N. Y. Jur., Labor and Labor Relations, § 208; 56 C. J. S., Master and Servant, § 96).
The court concludes, as has been indicated above, that the benefits provided by the plan here involved, in the form of paid vacations, are not such benefits as come within the contemplation of article III-A of the Insurance Law.
*383 Accordingly, the defendant’s motion for summary judgment is denied, and since such motion searches the record, the plaintiffs are deemed entitled to, and are hereby granted, summary judgment in their favor.